**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4906**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

KENNETH EUGENE MCDANIEL, JR.,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:06-cr-00088-NCT-1)

Submitted: June 25, 2015                Decided: June 29, 2015

Before GREGORY, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ames C. Chamberlin, LAW OFFICES OF AMES C. CHAMBERLIN, Greensboro, North Carolina, for Appellant. Eric Lloyd Iverson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Eugene McDaniel, Jr., pled guilty in October 1996 to conspiracy to possess with intent to distribute cocaine and cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2012). The district court originally sentenced McDaniel to 20 years of imprisonment, followed by 10 years of supervised release. The court subsequently lowered McDaniel's sentence to 13 years. McDaniel's supervised release was revoked in 2006 and he was sentenced to serve eight months' imprisonment, followed by nine years and four months of supervised release. McDaniel's second term of supervised release commenced in August 2007.

A second petition to revoke McDaniel's supervised release was filed in January 2014 and amended in October 2014. At the revocation hearing, McDaniel admitted four of the five violations listed in the petition: (1) failure to notify his probation officer within 72 hours of a change in residence; (2) failure to notify his probation officer within 72 hours of an arrest; (3) twice testing positive for marijuana use; and (4) failure to work regularly since July 2009. The court revoked McDaniel's supervision and sentenced him to 48 months' imprisonment with no additional term of supervised release. McDaniel appeals.

Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the revocation sentence is reasonable. Although informed of his right

2

to file a pro se supplemental brief, McDaniel has not done so. Finding no error, we affirm.

We will uphold a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). Only if a revocation sentence is unreasonable do we determine whether it is plainly so. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In making this determination, we strike "a more deferential appellate posture" than we do when reviewing original sentences. Id. (internal quotation marks and citation omitted). The sentencing court "must consider" both the policy statements and the applicable policy statement range found in Chapter 7 of the Sentencing Guidelines Manual, as well as "the applicable [18 U.S.C.] § 3553(a) [2012] factors." Moulden, 478 F.3d at 656; see also United States v. Webb, 738 F.3d 638, 641 (4th Cir. 2013). A sentence within the policy statement range is "presumed reasonable," Webb, 738 F.3d at 642, though "the sentencing court retains broad discretion to . . . impose a term of imprisonment up to the statutory maximum," Moulden, 478 F.3d at 657.

We have reviewed the record and conclude that the sentence imposed is both procedurally and substantively reasonable; it follows, therefore, that the sentence is not plainly unreasonable. In accordance with Anders, we have examined the entire record and

3

have found no meritorious issues for appeal.  Accordingly, we affirm the judgment of the district court.  This court requires that counsel inform McDaniel, in writing, of the right to petition the Supreme Court of the United States for further review.  If McDaniel requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on McDaniel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED